UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 13
PAIGE C. MILLER,                )
                                )    Bankruptcy No. 05-00335
     Debtor.                    )

**ORDER RE: AMENDMENT TO CHAPTER 13 PLAN –
REQUEST TO SUSPEND PAYMENTS**

This matter came before the undersigned on May 28, 2008 pursuant to assignment. Debtor Paige Miller appeared with Attorney Paul Shinkle. Carol Dunbar appeared as Chapter 13 Trustee. After hearing statements of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**FINDINGS OF FACT**

Debtor filed an Amendment to her Plan, seeking to suspend payments for eight months from June 2008 through January 2009. Trustee objects to confirmation of the amended plan because Debtor is one month delinquent with payments under her confirmed plan. She states that Debtor's plan payments have been very sporadic. Trustee asserts that if eighth months of payments are suspended, Debtor should make up that amount before the end of the plan. Also, if Debtor's income and expenses have changed, Debtor should amend Schedules I and J.

The Chapter 13 Plan which was confirmed in May 2005 calls for monthly payments of $206.50 beginning in January 2005 for 60 months, ending in January 2010. Unsecured creditors will get approximately 15.46% of their claims if the Debtor makes full payment under the confirmed plan.

Debtor is a student at Upper Iowa University. She needs to student teach during the Fall semester and take a full load of summer classes. She plans to graduate in January 2009 and start substitute teaching in February 2009. Debtor will amend schedules and the plan after she knows what her income will be as a substitute teacher, and hopes to pay the full amount originally anticipated by her confirmed plan.

## CONCLUSIONS OF LAW

Debtors have the burden to prove that their plans are feasible.  <u>In re Wagner</u>, 259 B.R. 694, 700 (B.A.P. 8th Cir. 2001) A court must determine whether a Chapter 13 debtor will be able to comply with all provisions of a plan, including making all plan payments.  11 U.S.C. § 1325(a)(6).[1]  A long suspension of Chapter 13 payments can make completion of the plan speculative in a manner similar to plans which propose an end-of-plan balloon payment on secured debt.  Factors considered in balloon payment plans include the future earning capacity of the debtor, the debtor's perseverance and motivation to complete the plan, and the type of employment in which the debtor may become engaged.  <u>Wagner</u>, 259 B.R. at 701.

Under § 1329(c), a modified plan may not extend payments beyond the original 60-month period.  The automatic stay of § 362(a) is in effect in a Chapter 13 case until the time a discharge is granted.  11 U.S.C. § 362(c)(2)(C).  A Chapter 13 discharge is granted after completion of all payments under the plan.  11 U.S.C. § 1328(a).

Debtor's plan has been in place approximately 40 months. She requests that payments be suspended for eight months, after which she will have 12 months to complete the five-year plan and make up the suspended payments.  Based on Debtor's record of past payments and the speculative nature of her future income, the Court finds that feasibility of this modified plan is in question.

Debtor plans to graduate from college and become a substitute teacher in February 2009.  There is no guarantee that she will immediately begin earning enough income to fund her plan payments in an amount sufficient to complete the plan within a year.  In the past three and one-half years, Debtor's plan payments have been sporadic.  Based on all the circumstances, the Court is not convinced that Debtor will be able to make all plan payments.  Eight months is too long to keep creditors on hold without any payments.

**WHEREFORE**, confirmation of Debtor's Amendment to Chapter 13 Plan filed April 25, 2008 is DENIED.

---

[1]Because this case was filed February 2, 2005, all citations to the Bankruptcy Code are to the version in effect prior to the enactment of BAPCPA which became effective October 17, 2005.

**FURTHER**, Debtor is given until June 27, 2008 to either amend her modified plan, convert to Chapter 7 or dismiss this case.

DATED AND ENTERED: JUNE 5, 2008

*[signature]*
_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE